UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| MARK S. DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | 3:12-CV-00472-LRH-VPC |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TRAVELNEVADA.COM RENO AIR RACES; NEVADA COMMISSION ON TOURISM; BRIAN KROLICKI; MICHAEL J. HOUGHTON; RENO-TAHOE AIRPORT AUTHORITY; RENO AIR RACE ASSOCIATION; CITY OF RENO; COUNTY OF WASHOE; KRYS BART, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This is a suit under 42 U.S.C. § 1983. Before the court are various defendants' motions to dismiss. [#18[1] (Washoe County); #21 (Reno Air Race Association ("RARA") and Michael Houghton); #24 (City of Reno); #25 (Reno-Tahoe Airport Authority ("RTAA") and Krys Bart).] Plaintiff Mark Daniels has responded (##29, 36, 43, 40, respectively), and defendants have replied (##33, 46, 51, 50, respectively). Daniels has also submitted several motions to amend his complaint (##30, 37, 41, 44, 48) and several motions for extensions of time (##31, 38, 42, 45, 58).

///

---

[1] Refers to the court's docket entry number.

**I.     Facts and Procedural History**

The events at the heart of Daniels' pro se complaint are twofold: first, defendants RARA and Houghton (a RARA official) have, since 2004, issued Daniels "notices of exclusion" refusing him access to the Reno Air Races[2] and prohibiting him from attending the event. (Am. Compl #4, p. 6.) Second, Daniels was arrested for trespass in both 2004 and 2009 at the Reno Air Races. (*Id.* at p. 5.)

Daniels is a disabled journalist, and he has alleged that these events gave rise to violations of the First, Fourth, Fifth, Sixth, Ninth, and Sixteenth Amendments as well as the Americans with Disabilities Act of 1990 ("ADA") and federal RICO statutes. He also lodges claims of malicious prosecution, false imprisonment, and failure to supervise.

Daniels' claims against RARA and Houghton derive principally from the notices of exclusion, and his claims against the City of Reno principally from the two arrests. His claims against the remaining defendants (Nevada Commission on Tourism, Brian Krolicki, RTAA, Washoe County, Krys Bart) stem from his allegations that these defendants wrongfully enabled the conduct of RARA, Houghton, and the City of Reno.

Daniels filed his complaint on September 4, 2012, amending it on September 6. (Compl. #1; Am. Compl. # 4.) In response to the various defendants' motions to dismiss, Daniels has included allegations and facts not mentioned in his complaints. (*See, e.g.*, Daniels' Response #36.) He has also submitted at least three motions to amend his complaint, sometimes as independent motions and sometimes as responses to the defendants' arguments. (*See, e.g.*, Daniels's Response #43id.; *see also* Daniels' Mot. to Am. #44.) The defendants have moved to dismiss the original amended complaint (#4), and they have opposed Daniels' motions to amend (*see, e.g.*, ##52, 53, 54).

---

[2] "Begun in 1964, the Reno Air Races feature multi-lap, multi-aircraft races between extremely high performance aircraft on closed ovoid courses which range between about 3 miles (Biplanes and Formula One) and about 8 miles (Jet, Unlimited) in length per lap." Wikipedia, *Reno Air Races*, http://en.wikipedia.org/wiki/Reno_Air_Races (last visited Apr. 25, 2012).

2

**II.     Legal Standard**

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hospital Medical Center*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 678-79. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 680) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

**III.   Discussion**

Daniels has failed to state claims for which relief may be granted, and therefore dismissal is appropriate. However, Daniels is granted leave to amend.

**A.  Daniels' Claims against RARA and Houghton**

Daniels alleges that his constitutional rights were violated when RARA and Houghton sent him "notices of exclusion" that prevented him from attending the Reno Air Races. He alleges these notices violate the ADA as well as his constitutional rights under 42 U.S.C. § 1983 (primarily his right to peaceful assembly). (Am. Compl. #4, p. 6.)

To state a claim under 42 U.S.C. § 1983, Daniels must allege a violation of his constitutional rights and show that RARA and Houghton's actions were taken under color of state law. *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001). Since RARA and Houghton are undisputably private actors, the question of whether their actions were taken under color of state law is answered by determining whether their conduct is "fairly attributable to the government." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (quotation marks and citation omitted). Conduct is fairly attributable to the government when (1) such conduct "result[s] from a governmental policy" and (2) the defendant "may fairly be said to be a governmental actor." *Id*. In the state action inquiry, courts start with the presumption that private conduct does not constitute governmental action. *Id*.

There are at least five tests "to determine whether a private entity acts under the color of state law: (1) the private entity engages in conduct that is traditionally exclusively reserved to the state ("Public Function Test"); (2) the private entity acts jointly with the state ("Joint Action Test"); (3) the private entity acts under state compulsion or encouragement ("State Compulsion Test")[;] (4) the private entity engages in conduct in which there is a sufficient nexus between the conduct and government regulation ("Government Nexus Test");" and (5) the private entity is "pervasively entwined" with the state ("Pervasive Entwinement Test"). *Neal-Lomax v. Las Vegas Metro. Police*

4

*Dep't*, 2006 WL 2022989 *4 (D. Nev. July 18, 2006) (citing *Johnson v. Knowles,* 113 F.3d 1114, 1118 (9th Cir.1997)).

Here, Daniels alleges state action under the Joint Action and Government Nexus tests, but these tests reveal that RARA and Houghton's conduct is not chargeable to the government. In *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950 (9th Cir. 2008), the Ninth Circuit confronted a First Amendment claim under section 1983 by a motorcycle club against the city of Gilroy, California. The motorcycle club members had been excluded from Gilroy's Garlic Festival for violating the Festival's dress code. *Villegas*, 541 F.3d at 954. Despite the fact that (1) the Festival was held in a public park; (2) Gilroy issued a permit to the Festival; (3) Gilroy provided police officers to the Festival as security for a fee; (4) the leaders of the Festival's security force were typically Gilroy law enforcement officers; and (5) Gilroy police officers established a command post on Festival grounds, the court found no "close nexus" or "joint action" between Gilroy and the Festival. *See id.* at 955-58.[3]

Daniels' claim against RARA and Houghton bears even less indicia of a close nexus or joint action between RARA and the state than did the facts in *Villegas*. For example, Daniels' main allegation concerning the relationship between RARA and local or state governments is a conclusory allegation of "conspiracy" (with whom is unspecified). And while Daniels does allege that off-duty Reno Police Department officers have worked as Reno Air Races security, this allegation will not suffice by itself to plausibly establish state action. *See Villegas*, 541 F.3d at 956. Therefore, since Daniels has not successfully alleged that RARA and Houghton acted under color of state law, his section 1983 claims against them fail.

///

---

[3] The *Villegas* dissent argued that the majority did not consider the "joint action" test in finding the absence of state action. *See* 541 F.3d at 959-60 (Thomas, J., dissenting). Since the majority was aware of the dissent, however, the *Villegas* decision implicitly rejects a finding of state action on the grounds of joint action.

Finally, Daniels has not sufficiently alleged discrimination under the ADA. Title III of the ADA prohibits discrimination against disabled individuals in any place of public accommodation on the basis of disability. 42 U.S.C. § 12182. Assuming the Reno Air Races are a "public accommodation," Daniels has not leveled specific allegations that his expulsion was "on the basis of" his disability. Indeed, Daniels himself believes his expulsion resulted from his journalistic activities. Therefore, he has failed to allege a cognizable discrimination claim under the ADA.

**B.  Daniels' Claims against the City of Reno**

Daniels also alleges that the City of Reno violated his constitutional rights through two trespass arrests during the 2004 and 2009 Reno Air Races. As alleged in Daniels' responses, the arresting officers were off-duty Reno Police Department officers employed as security at the Reno Air Races. Daniels' section 1983 claims against the City of Reno are untimely, and therefore dismissal is appropriate.

The statute of limitations for actions under section 1983 is the relevant state's limitations period for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 265 (1985). In Nevada, this limitations period is two years. *See* Nev. Rev. Stat. § 11.190(4)(e). Thus, Daniels had two years following the alleged unlawful acts to file his suit. However, Daniels filed suit in September 2012, more than two years after his most recent arrest. Daniels' complaint with respect to these arrests is therefore time-barred.[4]

**C.  Daniels' Remaining Claims**

Daniels' remaining claims are derivative of the alleged constitutional violations committed by RARA, Houghton, and the City of Reno. Since the court has found that Daniels has not stated these violations in a way recognized by law, Daniels' derivative claims also fail.

///

---

[4] In addition, Daniels appears to have failed to comply with the exhaustion requirements applicable to collateral attacks on state convictions under section 1983. *See generally Heck v. Humphrey*, 512 U.S. 477 (1994).

First, Daniels has not plausibly alleged a violation of RICO, 18 U.S.C. § 1962, remediable in a civil suit. "Liability under 18 U.S.C. § 1962(c) requires (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004). Daniels' allegations of "an enterprise" consists in no more than referring to defendants collectively ("Defendants"), and the alleged racketeering activity consists of "acts of intimidation, coercion, threats, and harassment." Given this omnibus allegation, defendants have not been put on notice as to whether these acts coincide with acts defined as "racketeering activity" under RICO. *See* 18 U.S.C. § 1961(1). Therefore, Daniels' RICO claim fails to comply with the demands of Rule 8(a)(2).

Second, Daniels' false imprisonment and malicious prosecution claims are time-barred. As with Daniels' section 1983 claims, these claims fall under Nevada's personal injury limitations period. *See* Nev. Rev. Stat. § 11.190(4)(c); *see also Day v. Zubel*, 922 P.2d 536, 539 (Nev. 1996) (discussing the limitations period for malicious prosecution actions). However, the most recent cause of action sounding in either false imprisonment or malicious prosecution accrued in 2009, more than two years before Daniels filed his complaint. Therefore, these claims must be dismissed.

Finally, Daniels' "failure to supervise" claim—applicable to the Nevada Commission on Tourism, Brian Krolicki, the RTAA, Washoe County, and Krys Bard[5]—essentially alleges that various entities let RARA, Houghton, and the City of Reno get away with constitutional violations. Charitably construed as a claim against local governmental entities under *Monell v. Department of Social Services*, 436 U.S. 658 (1976), Daniels' claim fails to allege a remediable violation of his federally protected rights. The two-year limitations period bars this claim to the extent it is based on the 2004 and 2009 arrests. And to the extent this claim is based on RARA and Houghton's notices of exclusion, the court has found that the amended complaint fails to allege that these notices constitute state action. Therefore, Daniels has not sufficiently pleaded a failure to supervise

---

[5] And still other entities, including the State of Nevada, are named as defendants to this claim in Daniels' responses and in his proposed amended complaints.

claim against these defendants.

**D. Leave to Amend**

Courts are especially solicitous to pro se litigants seeking leave to amend in civil rights cases. *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (holding that pro se litigants should be liberally granted the opportunity to amend pleadings); *see also Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (noting that courts "construe pro se filings liberally," particularly in civil rights cases). And while Daniels' successive proposed amended complaints have steadily grown in length as well as implausibility, the policy embodied in Federal Rule of Procedure 15 is to "facilitate a decision on the merits rather than on the pleadings or technicalities."[6] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation and quotation marks omitted). Accordingly, Daniels is granted leave to amend subject to the conditions below.

**IV.  Conclusion**

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss (## 18, 21, 24, 25) are GRANTED.

IT IS FURTHER ORDERED that Daniels' Motions to Amend (##30, 37, 41, 44, 48) and his Motions to Extend Time (##31, 38, 42, 45, 58) are DENIED as moot.

///

///

///

///

///

---

[6] As revealed in the discussion above, the court has considered the facts as alleged in Daniels' responses and in his proposed amended complaints in construing his original amended complaint (#4). Even then, Daniels' amended complaint fails to state a claim for which relief may be granted. Yet in light of the two policies favoring opportunity for amendment in this case—the special treatment granted pro se litigants and the liberal policy undergirding Rule 15—the court does not conclude that amendment would necessarily be an "exercise in futility." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

1   IT IS FURTHER ORDERED that Daniels is granted leave to file an amended complaint
2 within twenty (20) days of the date of the entry of this order. Daniels's amended complaint shall
3 not exceed thirty (30) pages. Failure to comply with these conditions will result in dismissal.

5   IT IS SO ORDERED.
6   DATED this 9th of May, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE